Slip Op. 21-14

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| M S INTERNATIONAL, INC., | |
| Plaintiff, | |
| and | |
| BRUSKIN INTERNATIONAL, LLC, and FOSHAN YIXIN STONE COMPANY LIMITED, | |
| Consolidated Plaintiffs, | |
| and | |
| ARIZONA TILE LLC, | Before: Leo M. Gordon, Judge |
| Plaintiff-Intervenor, | |
| v. | Consol. Court No. 19-00140 |
| UNITED STATES, | |
| Defendant, | |
| and | |
| CAMBRIA COMPANY LLC, | |
| Defendant-Intervenor. | |

**OPINION**

Dated: February 12, 2021

Jonathan T. Stoel, Craig A. Lewis, Jared R. Wessel, and Nicholas R. Sparks, Hogan Lovells US LLP, of Washington, DC, for Plaintiff M S International, Inc. and Plaintiff-Intervenor Arizona Tile LLC.

David J. Craven, Craven Trade Law LLC, of Chicago, IL, for Consolidated Plaintiff Bruskin International, LLC.

Matthew T. McGrath, Barnes, Richardson & Colburn, LLP, of Washington, DC, for Consolidated Plaintiff Foshan Yixin Stone Company, Ltd.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. With him on the brief were Brian M. Boynton, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Tara K. Hogan, Assistant Director. Of counsel was Jesus Saenz, Attorney, U.S. Department of Commerce, Office of Chief Counsel for Trade Enforcement and Compliance, of Washington, DC.

Luke A. Meisner, Kelsey M. Rule, and Roger B. Schagrin, Schagrin Associates, of Washington, DC, for Defendant-Intervenor Cambria Company LLC.

Gordon, Judge: Recently the court issued an opinion denying a challenge to the scope modification made by the U.S. Department of Commerce ("Commerce") in its final determination of the antidumping investigation of certain quartz surface products ("QSPs") from the People's Republic of China ("PRC"). See Mem. and Order, ECF No. 68; see also Certain Quartz Surface Products from the People's Republic of China, 84 Fed. Reg. 23,767 (Dep't of Commerce May 23, 2019), and accompanying Issues and Decision Memorandum, A-570-084 (Dep't of Commerce May 14, 2019), available at https://enforcement.trade.gov/frn/summary/prc/2019-10800-1.pdf (last visited this date); Certain QSPs from the PRC, PD[1] 1118 (Dep't of Commerce May 14, 2019) ("Scope Modification"). The challenge to the Scope Modification was raised and briefed primarily by Consolidated Plaintiff Bruskin International, LLC ("Bruskin"), and was joined by M S International, Foshan Yixin, and Arizona Tile. See Consol. Pl. Bruskin Mem. in Supp. of Rule 56.2 Mot. for J. on the Agency R., ECF No. 50 ("Bruskin Br."); see also Pl. M S Int'l

---

[1] "PD___" refers to a document contained in the public administrative record.

& Pl.-Int. Arizona Tile LLC's Mem. in Supp. of Rule 56.2 Mot. for J. on the Agency R., ECF No. 48, at 24 ("Plaintiffs respectfully join and adopt by incorporation the arguments presented by Bruskin International, LLC in its Memorandum of Points and Authorities in Support of Judgment on the Agency Record regarding Commerce's unlawful crushed glass scope amendment."); Pl. Yixin Mem. in Supp. of Rule 56.2 Mot. for J. on the Agency R., ECF No. 49, at 26. Given that the court has decided this issue, the question is whether the court should enter a partial judgment pursuant to USCIT Rule 54(b), sustaining Commerce's decision to modify the scope of the underlying investigation. For the reasons set forth below, the court will enter a Rule 54(b) partial judgment.

>   Rule 54(b) provides in part that:
>
>   [w]hen an action presents more than one claim for relief--whether as a claim, counterclaim, cross-claim, or third-party claim,--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

USCIT R. 54(b). Rule 54(b) requires finality—"an ultimate disposition of an individual claim entered in the course of a multiple claims action." Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956). Additionally, in evaluating whether there is no just reason for delay, the court examines whether the concern for avoiding piecemeal litigation is outweighed by considerations favoring immediate entry of judgment. See Timken v. Regan, 5 CIT 4, 6 (1983).

Here, Bruskin's brief solely challenged Commerce's Scope Modification. See generally Bruskin Br. What remains for adjudication are the other challenges raised by Plaintiffs to Commerce's determinations in the underlying investigation. As Bruskin did

Consol. Court No. 19-00140	Page 4

not raise or join in the briefing of these other issues, the court's decision provides "an ultimate disposition" as to Bruskin's challenge to the Scope Modification. See Sears, Roebuck & Co., 351 U.S. at 436; see also Mem. and Order, ECF No. 68, at 9.

    The entry of a Rule 54(b) partial judgment would serve the interests of the parties and the administration of justice by bringing this issue, and Bruskin's role in this litigation, to a conclusion. Partial judgment would also give Bruskin the opportunity to immediately appeal if it so chooses. Moreover, there is no threat of piecemeal judicial review as the resolution of the remaining issues presented by the other Plaintiffs does not implicate the final disposition of the Scope Modification challenge raised by Bruskin. Therefore, the court has no just reason for delay.

    Based on the foregoing, the court will enter partial judgment pursuant to USCIT Rule 54(b).

                                          /s/ Leo M. Gordon
                                          Judge Leo M. Gordon

Dated: February 12, 2021
      New York, New York