# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE THE HONORABLE LEO M. GORDON, SENIOR JUDGE

| | |
|---|---|
| M S INTERNATIONAL INC., <br> BRUSKIN INTERNATIONAL, LLC, <br> FOSHAN YIXIN STONE COMPANY LIMITED, <br><br> Plaintiffs, <br><br> and <br><br> BRUSKIN INTERNATIONAL, LLC DBA, <br> BELSTONE PRODUCTS, <br> ARIZONA TILE LLC, <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br> and <br><br> CAMBRIA COMPANY LLC, <br><br> Defendant-Intervenor. | Consol. Court No. 19-00140 <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **PUBLIC DOCUMENT** |

## REPLY BRIEF OF FOSHAN YIXIN STONE COMPANY LIMITED IN SUPPORT OF USCIT RULE 56.2 MOTION FOR JUDGMENT UPON AGENCY RECORD

Matthew T. McGrath

BARNES, RICHARDSON & COLBURN, LLP
1850 M ST NW, Suite 1060
Washington, DC, 20036
Tel: (202) 483-0070

*Counsel to Foshan Yixin Stone Company Limited*

May 6, 2021

# **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT.................................................................................................................. 1

   A.   THE DEFENDANT'S AND DEFENDANT-INTERVENOR'S RESPONSE BRIEFS DO NOT MEANINGFULLY CHALLENGE YIXIN'S CONTENTION THAT *BAODING* RENDERS YIXIN'S ANTIDUMPING DUTY MARGIN UNLAWFUL .................................. 1

   B.   YIXIN'S ANTIDUMPING DUTY MARGIN ESTABLISHED BY THE DEPARTMENT IS COMMERCIALLY IMPOSSIBLE AND AS A RESULT THE FACTORS OF PRODUCTION USED TO CALCULATE THE MARGIN MUST BE REVISED AND YIXIN'S MARGIN RECALCULATED ................................................................................. 7

III. CONCLUSION............................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Cases**

*Baoding Mantong Fine Chemistry Co. v. United States,* 113 F. Supp. 3d 1332 (Ct. Int'l Trade 2015) ............................................................................................................................... passim

*Baoding Mantong Fine Chemistry Co. v. United States,* 222 F. Supp. 3d 1231 (Ct. Int'l Trade 2017) ............................................................................................................................... passim

*Borlem S.A.-Empreedimentos Industriais v. United States*, 913 F.2d 933 (Fed. Cir. 1990) ........... 8

*Nan Ya Plastics Corp. LTD. v. United States,* 810 F.3d 1333 (Fed. Cir. 2016) ......................... 1, 6

*Sigma Corp. v. United States,* 117 F.3d 1401, 1408 (Fed. Cir. 1997) ............................................ 3

*T.T. International Co., v United States,* 439 F. Supp. 3d 1370 (Ct. Int'l Trade 2020) ................... 4

*Torrington Co. v. United States*, 68 F.3d 1347 (Fed. Cir. 1995) .................................................... 6

*Yangzhou Bestpak Gifts & Crafts Co., Ltd. v. United States,* 716 F.3d 1370 (Fed. Cir. 2013) ...... 2

**Statutes**

28 U.S.C. § 2643(b) ....................................................................................................................... 8

**Administrative Materials**

*Certain Quartz Surface Products From the People's Republic of China*, 84 Fed. Reg. 23,767 (Dept. of Commerce May 23, 2019) ........................................................................................... 6

*Notice of Final Determination of Sales at Not Less Than Fair Value: Certain Color Television Receivers from Malaysia*, 69 Fed. Reg. 20,592 (Dept. of Commerce, Apr. 16, 2004) ............... 2

I.  INTRODUCTION

Plaintiff Foshan Yixin Stone Company Limited ("Yixin"), herein replies to the Response Briefs filed by the Defendant, United States, and Defendant-Intervenor, Cambria Company LLC. See, Defendant's Response to Consolidated Plaintiff's Rule 56.2 Motion for Judgment Upon the Agency Record (Mar. 23, 2021) ("Def. Br."), and Defendant-Intervenor Cambria Company LLC's Response to Foshan Yixin Stone Company Ltd.'s Motion for Judgment on the Agency Record (Apr. 6, 2021) ("Def. Int. Br."), respectively.

II.  ARGUMENT

Neither the Defendant nor Defendant-Intervenor have meaningfully challenged the basic and fundamental principle established by *Baoding*. In *Baoding*, Chief Judge Stanceu established that antidumping duty margins calculated by the Department of Commerce ("the Department") which, unlike the Federal Circuit's ruling in *Nan Ya Plastics*, "signified commercially impossibility," are unsupported by substantial evidence and is contrary to law. *Baoding Mantong Fine Chemistry Co. v. United States,* 222 F. Supp. 3d 1231 (Ct. Int'l Trade 2017) ("*Baoding II*"), at 1239. *See generally, Nan Ya Plastics Corp. LTD. v. United States,* 810 F.3d 1333 (Fed. Cir. 2016) ("*Nan Ya Plastics*"); *Baoding Mantong Fine Chemistry Co. v. United States,* 113 F. Supp. 3d 1332 (Ct. Int'l Trade 2015) ("*Baoding I*") (collectively with *Baoding II*, "*Baoding*").

Considering the "commercially impossible" standard established in *Baoding*, Yixin's antidumping duty margin must be understood as commercially impossible. Therefore, in reaching this assessment and conclusion, Yixin's antidumping duty margin is unsupported by substantial evidence and otherwise contrary to law.

**A. THE DEFENDANT'S AND DEFENDANT-INTERVENOR'S RESPONSE BRIEFS DO NOT MEANINGFULLY CHALLENGE YIXIN'S CONTENTION THAT *BAODING* RENDERS YIXIN'S ANTIDUMPING DUTY MARGIN UNLAWFUL**

The Defendant and Defendant-Intervenor fail to meaningfully challenge Yixin's contention that the Department's calculation of Yixin's antidumping duty margin confirms a "commercially impossible" standard as established in *Baoding*. Both the Defendant and Defendant-Intervenor principally base their arguments on the outcome presented in *Nan Ya Plastics*. Def. Br. at 24-27; Def. Int. Br. at 2-5. However, both the Defendant and Defendant-Intervenor fail to acknowledge that *Baoding II* explicitly asserts that *Nan Ya Plastics* does not "invalidate the court's opinion and order {in *Baoding I*}." *Baoding II*, at 1239.

In *Baoding I,* the Court established a "commercially impossible" standard for instances where the Department's calculated antidumping duty margin is absurdly high, as is the case for Yixin in the present dispute, that the antidumping duty margin must be understood as unsupported by substantial evidence, and otherwise contrary to law, as a result of the Department not considering accurate information on the record. This standard is grounded in the Department's overarching statutory and legal mandate to "calculate dumping margins as accurately as possible" in a way that is "fair and equitable." *See*, *Yangzhou Bestpak Gifts & Crafts Co., Ltd. v. United States,* 716 F.3d 1370 (Fed. Cir. 2013), 1379. Therefore, for an assigned antidumping duty margin to be in accordance with the law, the Department may not rely on a calculated margin which completely "{defies any} commercial and economic reality." *Baoding I*, at 1334. *Cf. Notice of Final Determination of Sales at Not Less Than Fair Value: Certain Color Television Receivers from Malaysia*, 69 Fed. Reg. 20,592 (Dept. of Commerce, Apr. 16, 2004), and accompanying Issues and Decision Memorandum at cmt. 26.[1]

---

[1] In identifying the most appropriate surrogate financial statement(s) on the record, as a component of its larger process of calculating constructed value, the Department looks to replicate the hypothetical "home market profit experience {of Respondent} as closely as possible."

2

*Baoding* further elaborates on the "commercially impossible" standard established by this Court. The Court clarified that the Department does not satisfy its legal burden of proof if it simply "conducted its surrogate value determinations in accordance with the relevant legal authorities and supported its determinations with substantial evidence" because the surrogate values used must still be within "limits of permissible approximation." *Baoding I*, at 1338 (quoting *Sigma Corp. v. United States,* 117 F.3d 1401, 1408 (Fed. Cir. 1997)). Further, the Court has explicitly distinguished its "commercially impossible" standard from its holding in *Nan Ya Plastics*. Chief Judge Stanceu asserted that the holding in *Nan Ya Plastics* did not "invalidate the court's opinion and order {in *Baoding*}" because *Nan Ya Plastics* addresses instances where an antidumping duty margin may or may not be grounded in "accuracy or commercial reality," whereas *Baoding I* addresses instances where the calculated antidumping duty margins clearly "signifie{s} commercial *impossibility*." *Baoding II*, at 1239-1340.

The Defendant and Defendant-Intervenor collectively make four general arguments challenging Yixin's contention that the Department's margin allocation for Yixin is in line with the standard established in *Baoding* as a "commercially impossible" standard, and should therefore be reevaluated by the Department.

First, both Defendant and Defendant-Intervenor argue that Yixin "raises no objections to {the Department's} use of the data" and that Yixin's argument "hinges on its challenges to {the Department's} surrogate values." Def. Br. at 24. *See also*, Def. Int. Br. at 2. As discussed in Yixin's initial brief before this Court, it is Yixin's position that the Department has selected aberrational surrogate values for Yixin's factors of production, and consequently an absurdly high margin has been incorrectly calculated by the Department for Yixin. However, it is also Yixin's position that Yixin's assigned margin is independently "commercially impossible," and therefore, the

3

Department must reevaluate "any and all aspects of the calculation" including and specifically, the use of "invalid surrogate values for {certain} factors of production" and "surrogate financial ratios." *Baoding I*, at 1324.

Second, the Defendant and Defendant-Intervenor both argue, relying on *Nan Ya Plastics*, that because the Department calculated the margin in a way which was fully consistent with the statutory criteria for selecting surrogate values, the margin is supported by substantial evidence, and otherwise in accordance with law. Def. Br. at 24-25; Def. Int. Br. at 3-5. Specifically, the Defendant argues that Yixin's argument to this effect is misplaced, and that the Court's "*Baoding* decisions sought to harmonize the Court ruling with the Federal Circuit's binding decision in *Nan Ya Plastics*, based on differing facts, rather than to declare an additional stand-alone test beyond what *Nan Ya Plastics* requires." Def. Br. at n.4. In fact, both the Defendant and Defendant-Intervenor have failed to understand Yixin's argument and have instead simply relied upon similar arguments presented in a separate and unrelated case. By relying on the outcome of *T.T. International Co., v. United States*, both the Defendant and Defendant-Intervenor are requesting that the Court disregard Yixin's argument in the present proceeding. *See,* Def. Br. 24; Def. Int. Br. 3, referring to *T.T. International Co., v United States,* 439 F. Supp. 3d 1370 (Ct. Int'l Trade 2020). However, it is neither fair nor reasonable for the Court to throw out Yixin's arguments on this basis alone. Each case involves different parties with different set of facts, which warrant an assessment on the part of Yixin to determine that the Department erred in applying an absurdly high antidumping duty margin which was not in accordance with law and which needs to be reevaluated.

Third, and related to Defendant and Defendant-Intervenor's *Nan Ya Plastics* applicability arguments, as an initial point, Chief Judge Stanceu did not consider *Nan Ya Plastics* to constitute

4

controlling precedent when issuing a ruling in *Baoding II* for instances where the calculated margin "signified commercial impossibility." Specifically, Chief Judge Stanceu stated that "even if *Nan Ya Plastics Corp.* were considered to be a holding controlling the outcome of this case (<u>which it is not</u>), the guidance the Court of Appeals provided in its opinion would not support the notion that the court's order remanding the Final Results is invalid." *Baoding II*, at 1239 (emphasis added). Therefore, and in addition, the Defendant's comments that *Baoding I* was decided prior to *Nan Ya Plastics* is irrelevant and should be disregarded. Def. Br. at 25.

Further, it is Yixin's position that the Department failed to satisfy its legal requirements in determining an antidumping duty margin for Yixin. *See*, Memorandum of Points and Authorities In Support of Foshan Yixin Stone Company Ltd. Motion for Judgment on the Agency Record (Jan. 28, 2020) ("Yixin Br."), at 4. As such, the Court's opinion in *Baoding* noted the Department has not satisfied its legal requirements as the margin established by the Department was not accurate, and "a margin is accurate if it is supported by substantial evidence and reflects commercial reality if it is consistent with the statutory method." *Baoding II,* at 1239, citing *Nan Ya Plastics*, at 1344. Further, the Court stated that

> {a}lthough the opinion and order in *Baoding Mantong* cited appellate decisions discussing the concepts of accuracy and commercial reality, the problem posed by the enormity of the margin in the Final Results, and by the inconsistency with the record facts, was more serious than those terms might be understood to imply. As the court pointed out, a margin of 453.79% that is *not* an adverse inference but instead is an actual, calculated weighted-average dumping margin would have to have been based on normal value that is between five and six times the U.S. price, i.e., a U.S. price reflecting goods sold at a huge loss.

*Baoding II*, at 1239.

In a similar vein, it is not that Yixin is contesting the Department's allocation of a 333.09 percent margin just because it is abnormally high. Yixin is not "complain{ing that} the margin is too high based on surrogate values." Def. Br. at 25. Instead, it is Yixin's contention that the

5

Department's conclusion to enforce a final margin at this absurdly high rate is neither supported by substantial evidence nor otherwise in accordance with law. Defendant argues that a "results-oriented approach is not intended by Congress and misconceived not only the scope of the agency's statutory responsibility, but also the nature of the administrative process." Def. Br. at 25, citing *Nan Ya Plastics*, at 1345. However, the Defendant fails to acknowledge that it is the Department's duty to allocate antidumping duty margins that are "remedial, not punitive, measures . . . {and its} purpose is {to} prevent foreign manufacturers from injuring domestic industries by selling their products in the United States at less than 'fair value.'" *Torrington Co. v. United States*, 68 F.3d 1347 (Fed. Cir. 1995), at 1352. Therefore, by establishing an absurdly high margin for Yixin, the Department has not taken its core duties into consideration and has instead established a punitive result.

Fourth, the Defendant argues that "Yixin's argument that the mere fact of its profitability proves that its dumping margin is commercially impossible does not consider that 'profit is a function of not only the revenue a company earns, but also the costs that it incurs.'" Def. Br. 26, citing to *Certain Quartz Surface Products From the People's Republic of China*, 84 Fed. Reg. 23,767 (Dept. of Commerce May 23, 2019), and accompanying Issues and Decision Memorandum, P.D. 1116 ("IDM"), at 46. Further, the Defendant goes on to state that "while Yixin's financial statements may show a profit, {the Department} 'cannot be assured that Yixin Stone would have made a similar profit had it been located in a market economy country,' when the combination of low prices and increased costs can result in a higher dumping margin." Def. Br. at 26-27, citing to IDM at 46-47. However, The Department did not find it necessary to investigate, let alone determine, the existence of domestic or export subsidies sufficient to offset such enormous losses. The underlying logic of producing an article at a significant cost as

6

represented by a 333.09 percent calculated margin, similarly, must be understood as "signified commercial impossibility." *Baoding II*, at 1239. Therefore, this provides more reasoning that the Department's final margin imposed on Yixin was not supported by substantial evidence and otherwise not in accordance with law.

As demonstrated above, all arguments from Defendant and Defendant-Intervenor may be addressed and refuted directly by a simple and correct reading of the *Boading* cases. Therefore, neither the Defendant, nor Defendant-Intervenor, have meaningfully challenged Yixin's contention that the antidumping duty margin applied by the Department is "commercially impossible" based on the standard established in *Baoding*.

### B. YIXIN'S ANTIDUMPING DUTY MARGIN ESTABLISHED BY THE DEPARTMENT IS COMMERCIALLY IMPOSSIBLE AND AS A RESULT THE FACTORS OF PRODUCTION USED TO CALCULATE THE MARGIN MUST BE REVISED AND YIXIN'S MARGIN RECALCULATED

As demonstrated above, the Defendant and Defendant-Intervenor have failed to meaningfully challenge Yixin's contention that the antidumping duty margin allocated by the Department to Yixin is "commercially impossible." As a result, the factors of production used by the Department to calculate an antidumping duty margin for Yixin must be revised and revisited to ensure that the calculation of a new margin is supported by substantial evidence and in accordance with law. *See*, Yixin Br.

Pursuant to *Baoding*, where a margin is found to be "commercially impossible," as is the situation for Yixin in the present case, the Court's remand should require the Department to reevaluate "any and all aspects of the calculation" including specifically, the use of "invalid surrogate values for factors of production" and "surrogate financial ratios." *Baoding I*, at 1324. Pursuant to such a finding and if the Court deems it to be appropriate, Yixin would welcome the ability for the Court to exercise its authority to reopen the factual record before the Department to

7

ensure the most accurate calculation for Yixin's antidumping duty margin. *See*, *Borlem S.A.-Empreedimentos Industriais v. United States*, 913 F.2d 933 (Fed. Cir. 1990), at 937 (quoting 28 U.S.C. § 2643(b), when the court cannot arrive at "the correct decision on the basis of the evidence in any civil action," it may order "such further administrative or adjudicative procedures as {it} considers necessary"). If the Court finds Yixin's margin "signified commercial impossibility," under *Baoding*, the Department must revise its surrogate value selection to ensure the calculation of a new antidumping duty margin for it to be supported by substantial evidence and in accordance with law.

### III. CONCLUSION

For the reasons stated above and in Yixin's Rule 56.2 Brief, Yixin respectfully requests that the Court grant Yixin's motion for judgment on the administrative record. The Court should find that the Department assigned Yixin a "commercially impossible", and consequently, an unlawful antidumping duty margin. The Court should remand the case to the Department to recalculate an antidumping duty margin which incorporates representative valuations of Yixin's factors of production.

Respectfully Submitted,

/s/ Matthew T. McGrath
Matthew T. McGrath

BARNES, RICHARDSON & COLBURN, LLP
1850 M ST NW, Suite 1060
Washington, DC, 20036
Tel: (202) 483-0070

*Counsel to Foshan Yixin Stone Company Limited*

May 6, 2021

**CERTIFICATE OF COMPLIANCE**

Pursuant to Chambers Procedures 2(B)(1) and 2(B)(2), I, Matthew T. McGrath, hereby certify that this reply brief complies with the word limitations. Excluding the table of contents, table of authorities, signature block, and any certificates of counsel, the word count for this reply brief is 2,368 words. This certified count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this reply brief. This brief complies with the word limitation provided by the Court in its Amended Scheduling Order dated December 23, 2020, ECF No. 71.

/s/ Matthew T. McGrath
Matthew T. McGrath

Date: May 6, 2021

**CERTIFICATE OF SERVICE**

I, Matthew T. McGrath, hereby certify that, on this 6th day of May 2021, a true and correct copy of the attached **REPLY BRIEF OF FOSHAN YIXIN STONE COMPANY LIMITED IN SUPPORT OF USCIT RULE 56.2 MOTION FOR JUDGMENT UPON AGENCY RECORD** is being filed electronically. Pursuant to the Court's Administrative Order 02-01, this filing constitutes electronic service on all parties participating in this action.

/s/ Matthew T. McGrath
Matthew T. McGrath

BARNES, RICHARDSON & COLBURN, LLP
1850 M ST NW, Suite 1060
Washington, DC, 20036
Tel: (202) 483-0070

Date: May 6, 2021