Slip Op. 21-140

UNITED STATES COURT OF INTERNATIONAL TRADE

M S INTERNATIONAL, INC.,

                Plaintiff,

      and

FOSHAN YIXIN STONE COMPANY LIMITED,

                Consolidated Plaintiff,

      and

ARIZONA TILE LLC,

                Plaintiff-Intervenor,

      v.

UNITED STATES,

                Defendant,

      and

CAMBRIA COMPANY LLC,

                Defendant-Intervenor.

Before: Leo M. Gordon, Judge

Consol. Court No. 19-00140

**OPINION**

Dated: October 8, 2021

Jonathan T. Stoel, Craig A. Lewis, Jared R. Wessel, and Nicholas R. Sparks, Hogan Lovells US LLP, of Washington, D.C., for Plaintiff M S International, Inc. and Plaintiff-Intervenor Arizona Tile LLC.

David J. Craven, Craven Trade Law LLC, of Chicago, IL, for Consolidated Plaintiff Bruskin International, LLC.

Matthew T. McGrath, Barnes, Richardson & Colburn, LLP, of Washington, D.C., for Consolidated Plaintiff Foshan Yixin Stone Company, Ltd.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With him on the brief were Brian M. Boynton, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Tara K. Hogan, Assistant Director. Of counsel was Jesus Saenz, Attorney, U.S. Department of Commerce, Office of Chief Counsel for Trade Enforcement and Compliance, of Washington, D.C.

Luke A. Meisner, Kelsey M. Rule, and Roger B. Schagrin, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Cambria Company LLC.

Gordon, Judge: Recently the court issued an opinion denying a challenge to the antidumping ("AD") duty margin assigned to Consolidated Plaintiff Foshan Yixin Stone Company, Ltd. ("Yixin") by the U.S. Department of Commerce ("Commerce") in its final determination of the antidumping investigation of certain quartz surface products ("QSPs") from the People's Republic of China. See M S Int'l v. United States, 45 CIT ___, Slip Op. 21-130 (Sep. 24, 2021), ECF No. 92; see also Certain Quartz Surface Products from the People's Republic of China, 84 Fed. Reg. 23,767 (Dep't of Commerce May 23, 2019) ("Final Determination"), and accompanying Issues and Decision Memorandum, A-570-084 (Dep't of Commerce May 14, 2019), https://enforcement.trade.gov/frn/summary/prc/2019-10800-1.pdf (last visited this date). While Yixin's challenge was consolidated with other parties' challenges to Commerce's final affirmative determination in its investigation of QSPs from China, Yixin was the only party to challenge its margin calculation. See Consol. Pl. Yixin Mem. in Supp. of Rule 56.2 Mot. for J. on the Agency R., ECF No. 49 ("Yixisn Br."). Given that the court has

decided this issue, the question is whether the court should enter a partial judgment pursuant to USCIT Rule 54(b), sustaining Commerce's margin calculation for Yixin. For the reasons set forth below, the court will enter a Rule 54(b) partial judgment.

Rule 54(b) provides in part that:

> [w]hen an action presents more than one claim for relief—whether as a claim, counterclaim, cross-claim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

USCIT R. 54(b).  Rule 54(b) requires finality—"an ultimate disposition of an individual claim entered in the course of a multiple claims action."  Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956).  Additionally, in evaluating whether there is no just reason for delay, the court examines whether the concern for avoiding piecemeal litigation is outweighed by considerations favoring immediate entry of judgment.  See Timken v. Regan, 5 CIT 4, 6 (1983).

Here, Yixin's brief solely challenged Commerce's calculation of its dumping margin in the Final Determination.  See generally Yixin Br.  What remains for adjudication is a challenge by M S International and Arizona Tile to Commerce's finding of industry support to initiate the underlying investigation.  See Pl. M S International, Inc.'s & Pl.-Int. Arizona Tile LLC's Mot. for J. on the Agency R., ECF No. 48.  As Yixin did not raise or join that issue, the court's decision in this matter provides "an ultimate disposition" as to Yixin's challenge to the Final Determination.  See Sears, Roebuck & Co., 351 U.S. at 436; see also M S Int'l v. United States, 45 CIT ___, Slip Op. 21-130 (Sep. 24, 2021).

The entry of a Rule 54(b) partial judgment would serve the interests of the parties and the administration of justice by bringing this issue, and Yixin's role in this litigation, to a conclusion.  Partial judgment would also give Yixin the opportunity to immediately appeal if it so chooses.  Moreover, there is no threat of piecemeal judicial review as the resolution of the remaining issues presented by the other Plaintiffs does not implicate the final disposition of the <u>Final Determination</u> challenge raised by Yixin.  Therefore, the court has no just reason for delay.

Based on the foregoing, the court will enter partial judgment pursuant to USCIT Rule 54(b).


                                                                        /s/ Leo M. Gordon
                                                                     Judge Leo M. Gordon


Dated: October 8, 2021
          New York, New York